in given contingencies which have not transpired; but a marked distinction is made between the bonds and stock and the rights of the holders of each. If it had been supposed or intended that the effect of each was the same, both would not have been provided for. Where the provisions of a contract, some of which are valid and some void, are severable, the valid provisions may be sustained and enforced. Leavitt v. Palmer, 3 N. Y. 19, 51 Am. Dec. 333; 9 Cyc. 564; Hotchkiss v. Nat. Bank, supra; Reed v. Helois, 64 N. J. Eq. 231, 53 Atl. 1057. It clearly appears that there is more due for unpaid interest on the bonds than the amount of this fund, and by the express terms of the mortgage trust agreement, on a sale of the premises, such as has been made, the interest on the bonds was to be paid before there could be any distribution to stockholders. I am of opinion that the lien of the bondholders, given by the mortgage upon the property and the proceeds of a sale, for the payment of this interest, was valid and should be enforced.

It follows, therefore, that the judgment and order should be affirmed, with $10 costs and disbursements, but with leave to appellants to withdraw their demurrers and plead over, on payment of the costs in this court and at Special Term.

---

## SUGERMAN v. DENNETT SURPASSING COFFEE CO.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

FALSE IMPRISONMENT (§ 15*)—ACTS OF SERVANT—SCOPE OF AUTHORITY.

　　Where, in an action against a corporation for false arrest, defendant did not deny that its servant who caused plaintiff's arrest was its manager, and there was evidence justifying an inference that he was in fact manager of the restaurant, and acted within what he supposed was the scope of his authority, it was error to dismiss the complaint as to the corporation, on the theory that the relation between it and the person causing the arrest had not been sufficiently proved.

　　[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–67; Dec. Dig. § 15.*]

Appeal from Trial Term, New York County.

Action by Oscar H. Sugerman against Dennett Surpassing Coffee Company. From so much of a judgment as dismissed the complaint against defendant Coffee Company, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Nicholas W. Hacker, for appellant.
Thomas Fahey, for respondent.

SCOTT, J. The action is for false arrest, and was brought against the corporation defendant, and one Smith, who is alleged to have been its manager. Judgment has gone against Smith, but the complaint was dismissed as against the corporation at the close of the plaintiff's case, apparently upon the ground that Smith had not been shown to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been the manager of the restaurant owned by defendant. From the judgment entered upon this dismissal, plaintiff appeals.

We think that the appeal must prevail. In the first place, the answer admits (by not denying) that Smith was the manager. The complaint alleges that Smith was respondent's "manager and superintendent." The answer denies that he was "superintendent," leaving undenied the allegation that he was "manager." It is said that the attention of the court was not called to this admission in the pleading, and that the appellate court should not, therefore, reverse the judgment on that ground. If this were the only reason urged for a reversal, the objection might carry weight; but the evidence adduced by plaintiff furnished ample ground for a finding by the jury that Smith was in fact the manager of the restaurant in which plaintiff was arrested, and that Smith acted within what he supposed to be the scope of his authority when he procured the arrest to be made. Upon the evidence as it stood when the complaint was dismissed, a verdict by the jury that Smith was respondent's manager, and that respondent was liable for his tort, would have been entirely justified. The dismissal of the complaint was therefore erroneous.

The judgment appealed from is therefore reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

MacDONNELL v. McCONVILLE.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. FALSE IMPRISONMENT (§ 7*)—ILLEGALITY OF ARREST.

Under Code Cr. Proc. §§ 168. 170, 177, authorizing a peace officer to arrest without a warrant for a crime committed in his presence, or for a felony, though not committed in his presence, declaring that an arrest for a misdemeanor cannot be made at night unless by direction of the magistrate indorsed on the warrant, a peace officer may not arrest at night one charged with committing a misdemeanor charged in a warrant issued by a court of a sister state, and if accused had committed the crime charged, and was a fugitive from justice, sections 827 and 828, governing requisition, control, and the arrest under such warrant was illegal and the person charged may sue for false arrest.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–61, 79; Dec. Dig. § 7.*]

2. FALSE IMPRISONMENT (§ 10*)—JUSTIFICATION.

Where an officer made an arrest under a warrant issued in a sister state for an offense constituting a misdemeanor in the sister state and in New York, the officer, when sued for false arrest, could not justify it on another ground and on the existence of a fact of which he had no knowledge at the time of the arrest.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 10.*]

3. FALSE IMPRISONMENT (§ 20*)—EVIDENCE—MITIGATION OF DAMAGES—PLEADINGS.

In an action for false arrest, an answer alleging that the officer acted under a warrant issued by a court of a sister state, and that his acts were performed in good faith without malice, does not justify evidence of another ground for the arrest based on facts of which the officer had no knowledge at the time to mitigate the damages.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 20.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes